# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRINA SOLAR CO., LTD, TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO. LTD., YANCHENG TRINA GUONENG PHOTOVOLTAIC TECHNOLOGY CO, LTD. (D/B/A YANCHENG TRINA SOLAR GUONENG SCIENCE & TECHNOLOGY CO., LTD.), TRINA SOLAR YIWU TECHNOLOGY CO., LTD., TRINA SOLAR (SU QIAN) TECHNOLOGY CO., LTD., TRINA SOLAR (YANCHENG DAFENG) CO., LTD., CHANGZHOU TRINA HEZHONG PHOTOELECTRIC CO., LTD. (D/B/A CHANGZHOU TRINA HEZHONG PV CO., LTD.), CHANGZHOU TRINA SOLAR YABANG ENERGY CO., LTD., AND TURPAN TRINA SOLAR ENERGY CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 23-00213 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Trina Solar Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd. (D/B/A Yancheng Trina Solar Guoneng Science & Technology Co., Ltd.), Trina Solar Yiwu Technology Co., Ltd., Trina Solar (Su Qian) Technology Co., Ltd., Trina Solar (Yancheng Dafeng) Co., Ltd., Changzhou Trina Hezhong Photoelectric Co., Ltd. (D/B/A Changzhou Trina Hezhong PV Co., Ltd.), Changzhou Trina Solar Yabang Energy Co., Ltd., and Turpan Trina Solar Energy Co., Ltd. (collectively, "Trina"), by and through its counsel, allege and state as follows:

## JURISDICTION

1.      Plaintiffs brings this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021–2022, 88 Fed. Reg. 62049 (Sept. 8, 2023) ("Final Results"), as it applies to Plaintiffs.  This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2.      Plaintiffs are foreign producers and exporters of subject merchandise and were the sole mandatory respondents in the administrative review that is contested here.  Therefore, Plaintiffs are interested parties within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiffs actively participated in the administrative review through the submission of factual information and written arguments and, thus, are parties to the proceeding as defined in 19 C.F.R. § 351.102(b)(36).  Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.      The subject Final Results, which are being challenged herein, were published in the Federal Register on September 8, 2023.  Final Results, 88 Fed. Reg. 62049 (Dep't Commerce, Sept. 8, 2023).  On October 6, 2023, within 30 days after the publication of the subject Final Results, Plaintiffs timely filed a Summons to initiate this action.  Accordingly, this

action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(B)(iii).  This Complaint is being filed within 30 days after the date on which the Summons was filed.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.     This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.     On February 18, 2015, Commerce published an antidumping duty order covering certain crystalline silicon photovoltaic products from the People's Republic of China.  See Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order, 80 Fed Reg. 8592 (Dep't Commerce Feb. 18, 2015).

6.     On April 12, 2022, Commerce initiated the seventh administrative antidumping review of certain crystalline silicon photovoltaic products covering the period of review ("POR"), i.e., February 1, 2021, through January 31, 2022.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 87 Fed. Reg. 21619 (Dep't Commerce Apr. 12, 2022).

7.     On July 22, 2022, Commerce issued initial antidumping and double remedies questionnaires to Trina for the administrative review.

8. Between August 2022 and February 2023, Trina submitted timely responses to Commerce's initial antidumping duty, double remedies, and supplemental questionnaires.

9. On February 28, 2023, Commerce issued the preliminary results of the administrative review in which it calculated a preliminary antidumping duty margin of 16.79 percent *ad valorem* for Trina.  See <u>Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2021–2022</u>, 88 Fed. Reg. 14602 (Dep't Commerce Mar. 9, 2023), and accompanying unpublished Memorandum to Abdelali Elouaradia, Deputy Assistant Secretary for Enforcement and Compliance, entitled "Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Certain Crystalline Silicon Photovoltaic Products form the People's Republic of China" (Dep't Commerce Feb. 28, 2023).

10. On April 17, 2023, Trina submitted an affirmative case brief.  In its case brief, Trina argued that Commerce should make an adjustment to account for countervailed domestic subsidies in order to avoid applying a double remedy.  Trina further argued that the Romanian surrogate value used by Commerce in the Preliminary Results to value coated glass was unsupported by record evidence.

11. On September 1, 2023, Commerce issued its <u>Final Results</u> in which it calculated a final weighted-average antidumping duty margin of 10.50 percent *ad valorem* for Trina.  See <u>Final Results</u>, 88 Fed. Reg. at 62050 (Dep't Commerce Sept. 8, 2023).  As part of its final antidumping duty calculations, Commerce declined to adjust Trina's U.S. price to account for domestic subsidies.  Commerce also continued to rely on the Romanian surrogate value to value Trina's coated glass input.

12. The legal bases for Commerce's <u>Final Results</u> were set forth in an unpublished Memorandum to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance, entitled "Issues and Decision Memorandum for the Final Results of the 2021-2022 Administrative Review of the Antidumping Duty Administrative Review of Certain Crystalline Siliocn Photovoltaic Products from the People's Republic of China" (Dep't Commerce Sept. 1, 2023).

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFFS' STATEMENT OF CLAIMS

13. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's <u>Final Results</u> of its antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. Commerce's erred by declining to adjust Trina's U.S. prices for export subsidies pursuant to 19 U.S.C. §1677a(c)(1)(C) in the Final Results. Commerce's analysis under 19 U.S.C. § 1677 a(c)(1)(C) identified five programs it regarded as export subsidies but failed to identify six additional programs for which the specificity determination must have been that the programs were export-contingent. Commerce's determination that these six programs were found to be specific based on adverse facts available ("AFA") and not export contingency is not in accordance with law and is not supported by substantial evidence. Consequently, Commerce's decision not to adjust Trina's U.S. prices for export subsidies was not in accordance with the law and is unsupported by substantial evidence.

## COUNT TWO

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. In the <u>Final Results</u>, Commerce valued solar glass using import values under Romanian HTS 7007.19.80 despite substantial evidence that this value was unreliable and not the best available information. Commerce's surrogate valuation of solar glass was not supported by substantial evidence.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

18. For the reasons stated above, Plaintiffs respectfully request that the Court:

   (a) enter judgment in Plaintiffs' favor;

   (b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

   (c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

   (d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

<u>/s/ Jonathan M. Freed</u>
Jonathan M. Freed
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
Email:  jfreed@tradepacificlaw.com

Dated:  November 6, 2023                    *Counsel to Plaintiffs*