## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRINA SOLAR CO., LTD, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Before: Claire R. Kelly, Judge |
| UNITED STATES, ) | |
| ) | Court No. 23-00213 |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN ALLIANCE FOR ) | |
| SOLAR MANUFACTURING, ) | |
| ) | |
| Defendant-Intervenor. ) | |

### REPLY BRIEF OF PLAINTIFFS
TRINA SOLAR CO., LTD, TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY
CO. LTD., YANCHENG TRINA GUONENG PHOTOVOLTAIC TECHNOLOGY CO, LTD.
(D/B/A YANCHENG TRINA SOLAR GUONENG SCIENCE & TECHNOLOGY CO.,
LTD.), TRINA SOLAR YIWU TECHNOLOGY CO., LTD., TRINA SOLAR (SU QIAN)
TECHNOLOGY CO., LTD., TRINA SOLAR (YANCHENG DAFENG) CO., LTD.,
CHANGZHOU TRINA HEZHONG PHOTOELECTRIC CO., LTD. (D/B/A CHANGZHOU
TRINA HEZHONG PV CO., LTD.), CHANGZHOU TRINA SOLAR YABANG ENERGY
CO., LTD., AND TURPAN TRINA SOLAR ENERGY CO., LTD.


Submitted by:
Robert G. Gosselink
Jonathan M. Freed
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C.  20003
Tel.: (202) 223-3760

Counsel to Trina Solar Co., Ltd, ET AL.,

Dated:  June 28, 2024

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

        A.      Commerce's Determination Not To Adjust Trina's U.S. Prices For
                Additional Subsidy Programs In The Export Subsidy Offset Calculation Was
                Not Supported By Substantial Evidence Or In Accordance With Law .......... 1

III.    CONCLUSION .................................................................................................... 7

TABLE OF AUTHORITIES

**Judicial Precedent**

Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998)...................... 2

Changzhou Trina Solar Energy Co. v. United States, 975 F.3d 1318, 1329 (Fed. Cir. 2020).... 6, 7

**Statutes**

19 U.S.C. §1677a(c)(1) ............................................................................................................... 1, 6

19 U.S.C. §1677e(b) ...................................................................................................................... 3

19 U.S.C. §1677(5A) ..................................................................................................................... 6

**Administrative Determinations**

Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China, 88 Fed. Reg. 62,049 (Dep't of Commerce Sept. 8, 2023) ("Final Results") ............................................... 1

Issues and Decision Memorandum for the Final Results of the 2021-2022 Antidumping Duty Administrative Review (Dep't of Commerce Sept. 1, 2023), ("Final IDM") ................................. 1

Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China," (Dep't Commerce Mar. 1, 2023) ........................................................................................ 2

Memorandum re: "Domestic and Export Subsidy Adjustments Analysis Memorandum," (Dep't of Commerce Mar. 10, 2023) ("Preliminary Subsidy Adjustment Memo")........................... 2, 3, 6

Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2017, 84 Fed. Reg. 56,765 (Dep't Commerce Oct. 23, 2019) ("CVD Final Results 2017") ................................................... 2, 3, 4, 7

Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Rescission of Review in Part; 2017, 84 Fed. Reg. 15585 (April 16, 2019) (CVD Prelim Results 2017) and accompanying Preliminary Decision Memorandum..................................................................... 2, 3, 4, 5

Countervailing Duty Investigation of Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Final Affirmative Countervailing Duty Determination, 79 Fed. Reg. 76962 (December 23, 2014) ("CVD Final Determination") ......................................................... 4

Final Results of Redetermination Pursuant to Court Remand, Changzhou Trina Solar Energy Co., Ltd. et al. v. United States, Consol. Court No. 15-00068; Slip Op. 16-121 (CIT December 30, 2016), dated April 28, 2017 .................................................................................................. 3, 6

**REPLY BRIEF OF PLAINTIFFS TRINA SOLAR CO., LTD, ET AL.,**

I.    **INTRODUCTION**

Plaintiffs, Trina Solar Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd. (D/B/A Yancheng Trina Solar Guoneng Science & Technology Co., Ltd.), Trina Solar Yiwu Technology Co., Ltd., Trina Solar (Su Qian) Technology Co., Ltd., Trina Solar (Yancheng Dafeng) Co., Ltd., Changzhou Trina Hezhong Photoelectric Co., Ltd. (D/B/A Changzhou Trina Hezhong PV Co., Ltd.), Changzhou Trina Solar Yabang Energy Co., Ltd., and Turpan Trina Solar Energy Co., Ltd. (collectively, "Trina" or "Plaintiffs"), submit this brief in reply to the May 3, 2024, response brief filed by Defendant.  See Def.'s Resp Pls.' Rule 56.2 Mots. J. Upon Agency R., ECF No. 23, May 3, 2024. ("Response Brief").  As addressed below, the Defendant's Response Brief cannot overcome the deficiency in the underlying determination by the U.S. Department of Commerce ("Commerce").[1]

II.    **ARGUMENT**

    A.  **Commerce's Determination Not To Adjust Trina's U.S. Prices For Additional Subsidy Programs In The Export Subsidy Offset Calculation Was Not Supported By Substantial Evidence Or In Accordance With Law**

As explained in Plaintiffs' brief in support of its Rule 56.2 motion, Commerce's determination not to adjust Trina's U.S. prices for export subsidies pursuant to 19 U.S.C. § 1677a(c)(1)(C) for six out of eleven programs based on its analysis that these six programs were found to be specific based on adverse facts available ("AFA") and not export contingency was

---

[1] Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China, 88 Fed. Reg. 62,049 (Dep't of Commerce Sept. 8, 2023) ("Final Results"), and accompanying Issues and Decision Memorandum for the Final Results of the 2021-2022 Antidumping Duty Administrative Review (Dep't of Commerce Sept. 1, 2023), PD 190 ("Final IDM").

not supported by substantial evidence and not in accordance with law.  Trina Br., ECF 19 (Feb.

29, 2024).  In the underlying review, Commerce adjusted Trina's U.S. prices using the rates for

certain countervailed programs assigned to "non-selected" companies in the most recently

completed CVD review because Trina was not a mandatory respondent.[2]  However, Commerce

did not include in this adjustment all countervailing duties imposed to offset export subsidies.

The statute is clear.  The statute, at 19 U.S.C. §1677a(c)(1), instructs that the "price used

to establish export price and constructed export price used to determine the antidumping duty

amount **shall** be increased by….the amount of any countervailing duty imposed ….to offset an

export subsidy." (emphasis added).   The statute's use of "shall" imposes an obligation on

Commerce impervious to any discretion or deference granted to agencies.  See e.g., Lexecon Inc.

v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998)(explaining that the language

"shall" creates "an obligation impervious to judicial discretion").   Thus, if Commerce imposes

countervailing duties to offset subsidies for which the specificity of the program was based on

export contingency, then Commerce, when determining the antidumping duty amount, is

required to increase the U.S. price by the amount of countervailing duty imposed to offset export

subsidies.

---

[2] See Decision Memorandum for the Preliminary Results of the Antidumping Duty
Administrative Review of Certain Crystalline Silicon Photovoltaic Products from the People's
Republic of China," PD 148 (Dep't Commerce Mar. 1, 2023) ("PDM"), at 23; Memorandum re:
"Domestic and Export Subsidy Adjustments Analysis Memorandum," PD 153 (Dep't of
Commerce Mar. 10, 2023) ("Preliminary Subsidy Adjustment Memo"); citing Certain
Crystalline Silicon Photovoltaic Products from the People's Republic of China: Final Results of
Countervailing Duty Administrative Review; 2017, 84 Fed. Reg. 56,765 (Dep't Commerce Oct.
23, 2019) ("CVD Final Results 2017"); see also Certain Crystalline Silicon Photovoltaic
Products from the People's Republic of China: Preliminary Results of Countervailing Duty
Administrative Review, and Rescission of Review in Part; 2017, 84 Fed. Reg. 15585 (April 16,
2019) (CVD Prelim Results 2017) and accompanying Preliminary Decision Memorandum
(available at https://access.trade.gov/Resources/frn/summary/prc/2019-07540-1.pdf , last
accessed June 28, 2024) ("CVD Prelim Results 2017-PDM").

In the Response Brief, the Defendant explained that in the <u>CVD Final Results 2017</u>, from which Commerce based its export subsidy adjustment in the antidumping duty administrative review at issue in the present appeal, "Commerce: (1) continued to find a subsidy program countervailable if Commerce had previously found the subsidy program countervailable because, in part, it constituted a financial contribution and was specific; and (2) when Commerce had not previously made such findings, Commerce applied adverse facts available to reasonably available information and descriptions in the *Initiation Checklist* to determine that the programs constituted a financial contribution and were specific as an export subsidy or domestic subsidy."[3]

In determining which programs are export subsidies and to be included in the adjustment for Trina's constructed export price in the present case, Commerce only included programs for which it had previously made affirmative findings that such programs were specific because they were contingent upon export, (*group (1)* from the quotation above), and Commerce did not include any programs that were countervailed relying on adverse facts available ("AFA") under 19 U.S.C. § 1677e(b), (*group (2)* from the quotation above).

For example, in the <u>Preliminary Subsidy Adjustment Memo</u>, Commerce found that only the following programs were export contingent: (1) Changzhou Treasury Bureau Support Fund for Exportation and International Market Development;[4] (2) Exportation Credit Insurance

---

[3] <u>See</u> Response Brief, at 9, <u>citing</u>, <u>CVD Prelim Results 2017-PDM</u>, at 12-13, <u>citing</u>, "Enforcement and Compliance Office of AD/CVD Enforcement CVD Investigation Initiation Checklist," dated January 22, 2014 (*Initiation Checklist*).

[4] <u>Preliminary Subsidy Adjustment Memo</u>, at 2, footnote 5, PD 153, <u>citing</u>, <u>Final Results of Redetermination Pursuant to Court Remand, Changzhou Trina Solar Energy Co., Ltd. et al. v. United States</u>, Consol. Court No. 15-00068; Slip Op. 16-121 (CIT December 30, 2016), dated April 28, 2017, at 22, available at https://access.trade.gov/resources/remands/16-121.pdf.

Support Grant;[5] (3) Sub-Central Government Subsidies for Development of "Famous Brands"

and China World Top Brands;[6] (4) Export Buyer's Credits from the China Export-Import Bank;[7]

and (5) Export Credit Insurance from SINOSURE.[8]

      For each of these five programs included in the export-subsidy adjustment, Commerce

had previously reached findings regarding the specificity of the programs.  Commerce did not

include any programs in the export subsidy adjustment if it had not previously reached a final

finding regarding the specificity of the program even though Commerce had imposed

countervailing duties for these programs in <u>CVD Final Results 2017</u>.

      For such programs, Commerce explained that for those programs "where Commerce had

not {previously} determined whether a program constituted a financial contribution or was

specific, it determined that the program constituted a financial contribution and was specific on

the basis of {adverse facts available}" and applied adverse facts available by looking "to the

*Initiation Checklist*, which provides descriptions of these subsidy programs, including the basis

on which we found that reasonably available information indicated that these programs

---

[5] <u>Id.,</u> footnote 6 (citing same determination cited for Changzhou Treasury Bureau Support Fund for Exportation and International Market Development ).

[6] <u>Id.,</u> footnote 7, <u>citing,</u> <u>Countervailing Duty Investigation of Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Final Affirmative Countervailing Duty Determination</u>, 79 Fed. Reg. 76962 (December 23, 2014) ("<u>CVD Final Determination</u>") and accompanying Issues and Decision Memorandum at 30-31, (available at https://access.trade.gov/Resources/frn/summary/prc/2014-30071-1.pdf last accessed June 28, 2024).

[7] <u>Id.,</u> footnote 8, <u>citing,</u> <u>CVD Prelim Results 2017-PDM</u>, footnote 67.

[8] <u>Id.,</u> footnote 9, <u>citing,</u> <u>CVD Final Determination</u> and accompanying Issues and Decision Memorandum, at 29-30.

constituted a financial contribution and were specific." <u>See</u> Response Brief, at 4, <u>citing</u>, <u>CVD Prelim Results 2017 PDM</u> at 12-13.

The six programs that Trina asserts are exports subsidies but for which Commerce contends might be domestic subsidy are (1) Income Tax Reductions for Export-Oriented Enterprises; (2) Tax Refunds for Reinvestment of FIE Profits in Export-Oriented Enterprises; (3) Awards for Jiangsu Famous Brand Products; (4) Export Product Research and Development Fund; (5) Subsidies for Development of "Famous Brands" and China World Top Brands; and (6) Funds for Outward Expansion of Industries in Guangdong Province.[9] For these six programs for which Commerce imposed countervailing duties, Commerce relied on the *Initiation Checklist* when reaching its specificity determination.[10] Yet, in the <u>Preliminary Subsidy Adjustment Memo</u> and in the Response Brief, Defendant continues to regard all programs for which it determined the basis of specificity by relying on the *Initiation Checklist* using AFA as being specific as domestic subsidies or import substitution subsidies.[11] This conclusion is arbitrary and simply not supported by the record.

Defendant's restatement that "Commerce found that there was no evidence indicating these six programs were export contingent on the record of this review" attempts to divert attention from the deficiency of its determination. This statement stubbornly ignores that in <u>CVD Prelim Results 2017 PDM</u> Commerce based specificity on the *Initiation Checklist* rather than a prior finding by Commerce and that "{b}efore imposing a countervailing duty, Commerce

---

[9] <u>See</u> Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Case Brief," at 10-11, CD 90, PD 163 (Apr. 18, 2023) ("Trina's Case Brief").

[10] <u>See</u> Response Brief, at 9, <u>citing</u>, <u>CVD Prelim Results 2017 PDM</u> at 12-13.

[11] <u>Id.</u>, at 13.

must necessarily determine that a subsidy is "specific"— that it is an "export subsidy," "import substitution subsidy," or a "[d]omestic subsidy" meeting certain requirements, 19 U.S.C. § 1677(5A)—even if it must use AFA to do so."[12]  Commerce, even when using the *Initiation Checklist* as AFA, must have found these programs to be specific as either an export subsidy, domestic subsidy, or import substitution subsidy.  Commerce cannot ignore its statutory obligation under 19 U.S.C. §1677a(c)(1) to increase the constructed export price for countervailing duties imposed to offset export subsidies by claiming it does not know the basis of specificity for those programs.

Moreover, the position that the record of the antidumping duty review appealed here did not possess information regarding the export contingency of the relevant programs is not persuasive.  For the five programs that Commerce included in the export subsidy adjustment, the information and findings regarding those programs were also not on the record of this administrative review.  For example, Commerce included as export subsidies duties imposed for Changzhou Treasury Bureau Support Fund for Exportation and International Market Development and for Exportation Credit Insurance Support Grant even though the Commerce findings of export contingency for these programs were in remand redeterminations that were not a part of this administrative record.[13]   Thus, this issue is not whether information is on the administrative record of this review.  Rather, the issue is that Commerce decided not to include

---

[12] Changzhou Trina Solar Energy Co. v. United States, 975 F.3d 1318, 1329 (Fed. Cir. 2020).

[13] Preliminary Subsidy Adjustment Memo, at 2, footnote 5-6, PD 153, citing, Final Results of Redetermination Pursuant to Court Remand, Changzhou Trina Solar Energy Co., Ltd. et al. v. United States, Consol. Court No. 15-00068; Slip Op. 16-121 (CIT December 30, 2016), dated April 28, 2017, at 22.

any programs for which it determined specificity, using AFA, on the *Initiation Checklist* and not on a prior affirmative finding of export contingency.  This is not permitted.

Commerce's decision to only include in the export subsidy adjustment those programs for which it has made affirmative findings of export-contingency fails to fulfill its obligation under the statute and conflict with the Court of Appeals for the Federal Circuit's holding that the requisite specificity determination must be made, even when using AFA to do so.[14]  Even when the specificity determination was made using AFA relying on the *Initiation Checklist*, Commerce still must include in the export subsidy adjustment all programs for which the *Initiation Checklist* based specificity on export contingency as this was the basis for the determination made in CVD Final Results 2017 upon which Commerce relied in the appeal at issue here.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion for Judgment on the Agency Record and remand this case to Commerce with instructions consistent with the points set forth here and in Trina's moving brief (ECF No. 19).

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Jonathan M. Freed

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
Tel.: (202) 223-3760

*Counsel to Trina Solar Co., LTD, ET AL.,*

.
Dated:  June 28, 2024

---

[14] Changzhou Trina Solar Energy Co. v. United States, 975 F.3d 1318, 1329 (Fed. Cir. 2020)

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| TRINA SOLAR CO., LTD, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Before: Claire R. Kelly, Judge |
| UNITED STATES, | ) | |
| | ) | Court No. 23-00213 |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN ALLIANCE FOR | ) | |
| SOLAR MANUFACTURING, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## CERTIFICATE OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)

The undersigned counsel at Trade Pacific PLLC hereby certifies that the accompanying Reply Brief, dated June 28, 2024, complies with the 7,000 word-count limitation described in part 2(B)(1) of the Court's Chambers Procedures.  The memorandum of law contains <u>2,465</u> words according to the word-count function of the word-processing software used to prepare the memorandum, excluding the table of contents, table of authorities, and counsel's signature block.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
Tel.:  (202) 223-3760

*Counsel to Trina Solar Co., Ltd., ET AL.*

Dated:  June 28, 2024