Slip Op. 25-40

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TRINA SOLAR CO., LTD. ET AL,**<br><br>  Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>  Defendant,<br><br>**AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,**<br><br>  Defendant-Intervenor. | Before: Claire R. Kelly, Judge<br><br>Court No. 23-00213 |

## OPINION

[Sustaining the Department of Commerce's Remand Redetermination.]

Dated: April 14, 2025

Jonathan M. Freed, MacKensie R. Sugama, Kenneth N. Hammer, and Robert G. Gosselink, Trade Pacific PLLC, of Washington, D.C., for plaintiffs Trina Solar Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd. d/b/a Yangcheng Trina Solar Guoneng Science & Technology Co., Ltd., Trina Solar Yiwu Technology Co., Ltd., Trina Solar (Su Qian) Technology Co., Ltd., Trina Solar (Yancheng Dafeng) Co., Ltd., Changzhou Trina Hezhong Photoelectric Co., Ltd. d/b/a Changzhou Trina Hezhong PV Co., Ltd., Changzhou Trina Solar Yabang Energy Co., Ltd., Turpan Trina Solar Energy Co., Ltd.

Kristin E. Olson, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant United States. Also on the brief were Brett A. Shumate, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel were Joseph Grossman-Trawick and Paul H. Thornton, III, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Timothy C. Brightbill, Elizabeth S. Lee, Kimberly A. Reynolds, Laura El-Sabaawi, Paul A. Devamithran, and Theodore P. Brackemyre, Wiley Rein, LLP, of Washington, D.C., for defendant-intervenor American Alliance for Solar Manufacturing.

Kelly, Judge: Before the Court is the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand, Dec. 18, 2024, ECF No. 35 ("Remand Results"), in the 2021—2022 administrative review of the antidumping duty ("ADD") order on certain crystalline silicon photovoltaic products, from the People's Republic of China ("China"). Following this Court's remand order, see Trina Solar Co. v. United States, 721 F. Supp. 3d 1347 (Ct. Int'l Trade 2024) ("Trina I"), Commerce revised Trina's[1] cash deposit rate from 10.50 percent to 9.09 percent ad valorem. See Remand Results at 15. For the following reasons, Commerce's remand redetermination is sustained.

## BACKGROUND

The Court presumes familiarity with the facts as set forth in Trina I and will only recount those facts pertinent to the instant matter. See generally Trina I. Commerce published, on April 12, 2022, the initiation notice of antidumping duty and countervailing duty ("CVD") administrative reviews of certain crystalline silicon photovoltaic products from China concerning the period of review ("POR") from

---

[1] "Trina" refers to the following companies: Trina Solar (Changzhou) Science & Technology Co., Ltd.; Trina Solar Co., Ltd.; Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd. (a.k.a. Yancheng Trina Solar Guoneng Science & Technology Co., Ltd.); Trina Solar Yiwu Technology Co., Ltd.; Trina Solar (Su Qian) Technology Co., Ltd.; Trina Solar Yancheng Dafeng) Co., Ltd.; Changzhou Trina Hezhong Photoelectric Co., Ltd. (a.k.a. Changzhou Trina Hezhong PV Co., Ltd.); Changzhou Trina Solar Yabang Energy Co., Ltd.; and Turpan Trina Solar Energy Co., Ltd.

Court No. 23-00213                                                                                                     Page 3

February 1, 2021, through January 31, 2022. See generally Initiation of Antidumping and Countervailing Duty Administrative Reviews, 87 Fed. Reg. 21,619 (Dep't Commerce Apr. 12, 2022). Commerce published its preliminary determination on March 9, 2023. See Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China; 2021–2022, 88 Fed. Reg. 14,602 (Dep't of Commerce Mar. 9, 2023) (preliminary results, partial rescission, and preliminary determination of no shipments) ("Preliminary Results") and accompanying Prelim. Decision Memo. ("Prelim. Decision Memo."). Commerce preliminarily determined, in accordance with Section 772(c)(1)(C) of the Tariff Act,1 as amended, 19 U.S.C. § 1677a(c)(1)(C), that Trina's U.S. sales price should be increased by the amount of any CVD imposed on solar products as needed to offset an export subsidy. Prelim. Decision Memo. at 23.

In the final determination of the CVD review in 2017, Commerce found, in accordance with 19 U.S.C. § 1677e(a)–(b), eleven programs to be countervailable by applying an adverse inference while selecting from the facts otherwise available. See Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China; 2017, 84 Fed. Reg. 56,765, 56,766 (Dep't Commerce Oct. 23, 2019) (final results of CVD administrative review) ("CVD Final Results 2017") and accompanying Issues and Decision Memo. ("CVD Final Decision Memo. 2017"); see also Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China; 2017, 84 Fed. Reg. 15,585 (Dep't of Commerce April 16, 2019) (preliminary results) and

accompanying Prelim. Decision Memo. at App'x I ("CVD Prelim. Decision Memo. 2017").

In the 2021—2022 ADD review, Commerce concluded that five of the programs had previously been found to be export contingent. <u>Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China; 2021–2022</u>, 88 Fed. Reg. 62,049 (Dep't Commerce Sept. 8, 2023) (final results of ADD review and final determination of no shipments) ("Final Results") and accompanying Issues and Decision Memo. at 9 ("Final Decision Memo.") (collecting sources). However, Commerce concluded that for the remaining six programs, "Commerce did not indicate that it based the specificity determination on a finding that the programs were export contingent." Final Decision Memo. at 10. Thus, Commerce "adjusted Trina's U.S. prices by the export subsidy rates assigned to 'non-selected' companies" for the five companies it found to be export contingent. Prelim. Decision Memo. at 23; <u>see also</u> CVD Prelim. Decision Memo. 2017 at App'x I.

Commerce issued its final determination on September 1, 2023. <u>See generally</u> Final Results, 88 Fed. Reg. 62,049 (Dep't Commerce Sept. 1, 2023). Pursuant to 19 U.S.C. § 1677a(c)(1)(C), Commerce continued to calculate the export subsidy adjustment based on the five programs identified in the Preliminary Results, rejecting Trina's argument. Final Decision Memo. at 10. Commerce excluded the six programs identified by Trina because the record evidence provided no indication the

six programs were export contingent and Commerce had not found the six programs to be export contingent in earlier portions of the solar products CVD proceeding. Id.

On August 20, 2024, this Court remanded Commerce's refusal to offset Trina's U.S. sales prices by the CVD imposed on the six programs in the CVD review, because they were not export contingent, for further explanation. Trina I, 721 F. Supp. 3d at 1356. The Court explained that when Commerce selects facts otherwise available using an adverse inference it does so in order to satisfy the elements of the statute. Id. at 1352. The statute requires a specificity finding. See 19 U.S.C. § 1677(5A). Therefore, here Commerce necessarily selected facts to determine that the subsidy was specific. Trina I, 721 F. Supp. 3d at 1352.

Commerce released the Draft Remand Redetermination to interested parties for comment on November 21, 2024. See Draft Results of Redetermination Pursuant to Court Remand, PD 5, CD 3, bar code 4668016-01 (Nov. 21, 2024) ("Draft Remand Results"). In the Draft Remand Results, Commerce adjusted the prices of Trina's sales of subject merchandise during the POR by the CVD imposed for three of the subsidy programs, and lowered Trina's cash deposit rate from 10.50 percent to 9.09 percent. Id. at 9—10. On November 26, 2024, Trina submitted comments on the Draft Remand Results. See Antidumping Duty Administrative Review of Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Comments on Draft Results of Redetermination Pursuant to Court Remand, PD 7, bar code 4671036-01 (Nov. 26, 2024) ("Trina Draft Cmts."). On December 9, 2024,

Trina submitted a summary of its comments of the Draft Remand Results. See Antidumping Duty Administrative Review of Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China: Executive Summary to Comments on Draft Results of Redetermination Pursuant to Court Remand, PD 9, bar code 4677279-01 (Dec. 9, 2024).

Commerce filed its Remand Results on December 18, 2024. See generally Remand Results. Plaintiffs filed their comments on the remand results on January 17, 2025. See Pls.' Cmts. on the Final Results of Redetermination Pursuant to Court Remand, Jan. 17, 2025, ECF No. 38 ("Pls. Cmts."). Defendant filed its response to Plaintiffs' comments on the Remand Results on February 18, 2025. See Def's. Resp. to Pls.' Cmts. on Remand Results, Feb. 18, 2025, ECF No. 39 ("Def. Reply"). Defendant-Intervenor did not file comments on the Remand Results.

## JURISDICTION AND STANDARD OF REVIEW

The Court exercises jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final determination in an administrative review of an ADD order. Commerce's determination will be sustained unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Huaiyin Foreign Trade Corp. (30) v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (quoting Consol.

Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303 (2008)).

## DISCUSSION

In cases where merchandise is subject to both ADDs and CVDs, when calculating a respondent's ADD rate, Commerce shall increase the respondent's export price or constructed export price by the amount of any CVD imposed to offset an export subsidy. 19 U.S.C. § 1677a(c)(1)(C). The dumping offset avoids "the double application of duties." Jinko Solar Co., Ltd. v. United States, 961 F.3d 1177, 1182 (Fed. Cir. 2020). Thus, for parallel ADD and CVD proceedings where Commerce determines there are countervailable export subsidies, Commerce offsets the ADD imposed in the ADD proceeding to account for the duty imposed in the CVD proceeding. See 19 U.S.C. § 1677a(c)(1)(C).

On remand, Commerce, under respectful protest, examined information related to its use of an adverse inference when selecting among the facts otherwise available for the six subsidy programs from the CVD Final Results 2017. See Remand Results at 3—10. Within the Remand Results, Commerce reconsidered whether to adjust Trina's sales of subject merchandise during the POR by the CVD imposed by the six programs. Id. at 6—10. Commerce adjusted the prices of Trina's sales of

subject merchandise during the POR to offset the subsidies provided by three of the subsidy programs, but did not adjust the prices of Trina's sales of subject merchandise during the POR for the other three subsidy programs. Id. at 7—10. Further, Commerce lowered Trina's cash deposit rate from 10.50 percent to 9.09 percent. Id. at 10. In their comments on the Remand Results, Plaintiffs do not oppose Commerce's Remand Results. Pls. Cmts. at 2. Defendant-Intervenor did not file comments on the Remand Results.

Commerce's Remand Results are reasonable, see Matsushita, 750 F.2d at 933, and comply with the Court's Remand Order, see Huaiyin Foreign Trade Corp. (30), 322 F.3d at 1374. In making its determination under protest Commerce explains

> While Commerce may examine information in the CVD Checklist in making an AFA decision that a program is specific under section 771(5A) of the Act, in doing so Commerce does not necessarily indicate how the program actually operates or whether any alleged subsidies under the program are, in fact, contingent upon exports. For example, Commerce may initiate an investigation of a program based on one alleged type of specificity (*e.g.*, export contingency) only to ultimately find, based upon information supplied by cooperating respondents, that the program is specific for a different reason (*e.g.*, specificity on the basis of a *de jure* limitation or designated geographic limitation). In keeping with this practice, in the 2017 CVD administrative review of solar products from China, Commerce explained that, as AFA, it was finding the programs under consideration, among others, to be specific within the meaning of the Act (*e.g.*, subsections 771(5A)(B) and (D) of the Act) but it did not make a separate specificity determination for each subsidy program whereby it identified the nature of the specificity. For these reasons, we respectfully disagree with the CIT that Commerce made "determinations" with regard to the nature of the specificity of the subsidy programs at issue. Nonetheless, in order to comply with the CIT's holding, we are, under respectful protest, relying on information in the CVD Initiation Checklist to determine a possible basis for the AFA specificity determination in the *AR 2017 CVD Final Results*.

Remand Results at 5—6 (emphasis in original).

On remand, Commerce evaluated the six subsidy programs, finding that three of the programs were specific under the statute because they were contingent upon export activities.[2] Id. at 7. For these three programs, Commerce examined the descriptions of the programs in the CVD Initiation Checklist and determined that the investigation of these programs was based solely on allegations that the programs were contingent upon export activity performance. Id. Thus, Commerce adjusted the prices of Trina's sales of subject merchandise during the POR by the CVDs imposed by the three programs it found to be specific, offsetting the subsidies provided by the programs. Id. For two of the remaining programs, the CVD Initiation Checklist indicated that Commerce based its determination "to initiate an investigation of these programs on multiple specificity allegations."[3] Id. at 7—8. The final program was not discussed in the CVD Initiation Checklist therefore Commerce consulted the AR 2017 CVD Preliminary Results. Id. at 9. Because the 2014—2015 administrative review of the CVD order on solar products from China concluded that the final program was not an export subsidy, and no new evidence indicated Commerce

---

[2] The three subsidy programs Commerce concluded are specific are the: (1) Export Product Research and Development Fund; (2) Subsidies for Development of "Famous Brands" and China World Top Brands; and (3) Funds for Outward Expansion of Industries in Guangdong Province programs. Remand Results at 7.

[3] The two subsidy programs Commerce found to not be export contingent are the: (1) Income Tax Reductions for Export-Oriented Enterprises and (2) Tax Refunds for Reinvestment of FIE Profits in Export-Oriented Enterprises programs. Remand Results at 7.

Court No. 23-00213 Page 10

revisited this specificity determination, Commerce found no basis to adjust the prices of Trina's sales of subject merchandise during the POR by the CVDs imposed by the final program.[4] Id. at 9—10. Thus, Commerce determined there was insufficient evidence to conclude that Commerce based its determination in the 2017 CVD administrative review of solar products from China on a determination that these three programs were export specific. Id. at 8. Commerce's decision to adjust the prices of Trina's sales of subject merchandise during the POR by the CVDs imposed by the three programs it found to be specific, while declining to adjust the prices with regard to the other three subsidy programs is reasonable on this record and complied with the Court's remand order in Trina I. See Trina I, 721 F. Supp. 3d at 1356.

## CONCLUSION

For the foregoing reasons, the Remand Results are supported by substantial evidence, comply with the Court's remand order, see ECF No. 31, and are therefore sustained. Judgment will enter accordingly.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: April 14, 2025
New York, New York

---

[4] The subsidy program discussed is the Awards for Jiangsu Famous Brand Products program. Remand Results at 9—10.